IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
FERENC SANDY,                       )
                                    )
            Plaintiff,              )    Civil.  No. 06-6081-HO
                                    )
                                    )
                  v.                )    ORDER
                                    )
JOHN POTTER, Postmaster General     )
                                    )
            Defendant.              )
_____)
```

Plaintiff alleges failure to engage in the interactive process in violation of the Rehabilitation Act, retaliation in violation of the Rehabilitation Act, hostile work environment in violation of the Rehabilitation Act, interference with Family and Medical Leave Act (FMLA) rights, retaliation for requesting medical leave and unreasonable denial of medical leave.  Defendant moves to dismiss or in the alternative for summary judgment as to all of plaintiff's claims.

The United States Postal Service initially employed plaintiff as a letter carrier.  However, due to an on-the-job in injury in 1998, plaintiff was reassigned to answering phones and desk work. Plaintiff alleges improper treatment with respect to his medical issues going back to 2002 following surgery that resulted in substantial time off work.  Plaintiff filed an EEO complaint resulting in a settlement agreement on March 6, 2003, providing plaintiff with certain accommodations.

Plaintiff again contacted the EEO office in 2004 to allege discrimination in April of 2004.  Plaintiff complained that defendant: did not accommodate his disability because it failed to provide a magic wand computer aid; failed to fully remedy the prior EEO complaint; and failed to grant a request to change three weeks of annual leave to sick leave.  The only issue accepted for investigation was the issue of whether annual leave should have been changed to sick leave and that issue was resolved in favor of defendant.

Plaintiff last attended work on July 8, 2004.  Defendant accepted plaintiff's disability retirement request in June of 2006.


A.    Claims for Hostile Work Environment and Failure to Engage in the Interactive Process

Defendant asserts that plaintiff's hostile environment and failure to engage in the interactive process claims should be

dismissed for failure to exhaust administrative remedies. A federal employee who challenges employment discrimination on the basis of handicap pursuant to the Rehabilitation Act must exhaust the same remedies available under Title VII. The same administrative remedies under Title VII apply to the Rehabilitation Act. Boyd v. United Parcel Service, 752 F.2d 410, 413-414 (9th Cir. 1985).

     To establish federal subject matter jurisdiction, plaintiff is required to exhaust his EEOC administrative remedies before seeking federal adjudication of his claims. See Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990). The scope of the court action depends upon the scope of both the EEOC charge and the EEOC investigation. Id. Allegations of discrimination that are omitted in an EEOC charge fall outside of a federal court's jurisdiction unless the new claims are like or reasonably related to the allegations contained in the EEOC charge. Green v. Los Angeles Co. Superintendent of Schs., 883 F.2d 1472, 1475-76 (9th Cir. 1989). A court may exercise jurisdiction over charges of discrimination that were a part of the EEOC's investigation or could be within the scope of an EEOC investigation that could reasonably arise from the asserted charges. EEOC v. Farmer Bros. Co., 31 F .3d 891, 899 (9th Cir. 1994).

Plaintiff contends that a claim for hostile work environment due to disability logically stems from a complaint for retaliation for filing an EEO complaint under the Rehabilitation Act.

The complaint specifically stated:

Failure to accommodate disability; failure to fully remedy prior EEO complaint; failure to continue to treat employee equally as other employees despite disability; continuing retaliation regarding other issues.

Exhibit 15 (attached to the Declaration of Counsel in Support of Plaintiff's Response to Defendant's Motion to Dismiss) (#61).

Plaintiff also provides evidence that he requested cessation of derogatory and harassing comments in the work environment. See Exhibit 18 at p. 16 (attached to the Declaration of Counsel in Support of Plaintiff's Response to Defendant's Motion to Dismiss) (#62). See also Exhibit 16 at p. 1 (#61). The counseling report referred to, however, does not identify the harassing and derogatory comments.

The EEO affidavit references the following allegations: Plaintiff's station manager, Edward Threat, ignored plaintiff and walked away when plaintiff questioned the removal of his job duties and transfer to a different work location; Eugene postmaster, Ralph Peterson, ignored plaintiff and walked away from him when he inquired about an accommodation request; Threat yelled at plaintiff that he was not going to spend anymore money on plaintiff and that maybe plaintiff should not be there; Peterson yelled at plaintiff that he was not to interrogate him; Peterson and Threat

harassed plaintiff in providing accommodation to plaintiff. Exhibit 6 (attached to the Declaration of Counsel in Support of Plaintiff's Response to Defendant's Motion to Dismiss) (#60).

Plaintiff did not include the charge of a hostile work environment in his formal EEO complaint. In addition, while the hostile work environment claim could be within the scope of the EEOC investigation that could reasonably arise from the asserted charges, plaintiff references allegations, the majority of which, occurred more than 45 days prior to plaintiff's contact with the EEO office. Discrimination claims must be raised within 45 days of the alleged discriminatory act. See Leorna v. U.S. Department of State, 105 F.3d 548, 551 (9th Cir. 1997). At best, plaintiff's EEO complaint and accompanying materials and investigation timely raised Peterson's alleged statement that plaintiff should not interrogate him in response to plaintiff's inquiry into the status of his accommodation request. However, in an abundance of caution and given that plaintiff did request cessation of derogatory and harassing comments in the work environment during the EEO process, the court declines to grant summary judgment as to the hostile work environment claim on the basis that plaintiff failed to exhaust his administrative remedies.

Nonetheless, plaintiff's proffered evidence of hostile work environment falls short.[1]    A claim for harassment based on disability, like one under Title VII, would require a showing that: (1) Plaintiff is a qualified individual with a disability under the Rehabilitation Act;[2] (2) he was subject to unwelcome harassment; (3) the harassment was based on his disability or a request for an accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive working environment; and (5) that defendant knew or should have known of the harassment and failed to take prompt effective remedial action. See McConathy v. Dr. Pepper/Seven Up Corp., 131 F.3d 558, 563 (5th Cir. 1998).    The required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct.    Steiner v. Showboat Operating Co., 25 F.3d 1459, 1463, n.4 (9th Cir. 1994).

Defendant argues that because plaintiff could perform all the essential functions of his limited duty position, he does not have a disability.    However, plaintiff presents evidence that his

---

[1]The court notes that the Ninth Circuit has yet to directly recognize a hostile work environment claim under the Rehabilitation Act, Brown v. City of Tuscon, 336 F.3d 1181, 1190 (9th Cir. 2003), but that many circuits have recognized such a claim under the Rehabilitation Act and the Americans with Disabilities Act.    See, e.g., Lanman v. Johnson County, 393 F.3d 1151 (10th Cir. 2004). Defendant does not assert that such a claim is not cognizable under the Rehabilitation Act.

[2]Claims under the Rehabilitation Act are governed by the same standards as those used for the Americans with Disabilities Act. Coons v. Secretary of the Treasury, 383 F.3d 879, 884 (9th cir. 2004).

impairments of bi-lateral epicondylitis, neck fusion, and left knee damage substantially limits major life activities and work.

Defendant also contends that plaintiff was not subject to sufficiently severe or pervasive conditions of employment such that an abusive working environment existed. Plaintiff points to statements such as "this is Ferenc, our disabled employee" allegedly made by supervisors and defendant's alleged failure to accommodate, disbelief by co-workers that plaintiff suffered any impairment, and supervisor's ignoring his inquiries regarding his accommodation requests as evidence of unwelcome harassment that was severe and pervasive.

Plaintiff contends this is not a case of a couple of off-hand remarks in the work place, but the offered evidence that is timely suggests otherwise. For the most part, plaintiff offers comments or actions that fall outside the time period for bringing a hostile work environment claim. At best, plaintiff demonstrates that his employer was slow to act on accommodation requests and demonstrated occasional insensitivities to inquiries regarding those requests. Hostile work environment claims do not provide causes of action for incivility. See Manatt v. Bank of America, 339 F.3d 792, 798 (9th Cir. 2003) (Title VII is not a "general civility code."). Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and

conditions of employment. Id.[3]  Therefore, defendant's motion for summary judgment as to plaintiff's hostile work environment claim is granted.

With respect to plaintiff's failure to engage in the interactive process claim, defendant also contends that this claim has not been properly exhausted. Again plaintiff did not formally raise the claim during the EEO process. However, plaintiff contends that the failure to engage claim goes hand in hand with the accommodation claim. Indeed, the gravamen of plaintiff's EEO complaint appears to be a failure to accommodate by failing to engage in the interactive process. However, many of the allegations fall outside the 45 day period prior to the complaint and raise issues from the first EEO complaint regarding requests for a headset. But, plaintiff's allegations regarding failure to accommodate with respect to the magic wand keyboard appear timely. Defendant's arguments regarding how much work plaintiff actually performed between the time he made the request for the magic wand, checked on the status of the request, and actually received the request do not demonstrate that a claim regarding failure to engage in the interactive process has not been properly exhausted. The claim is reasonably related to the failure to accommodate claim and

---

[3]Plaintiff's allegation that Threat relegated plaintiff to work at an empty desk with no job description comes close in terms of severity, but is untimely. Exhibit 6 (attached to the declaration of counsel in support of plaintiff's response to defendant's motion) (#60) at p. 2 (indicates occurrence on December 30, 2002).

in fact plaintiff specifically included failure to engage in the
interactive process in his objections to the statement of issues.
Accordingly, the motion for summary judgment as to the failure to
engage in the interactive process claim is denied.


B.   Claims Regarding the 2003 Settlement

        Defendant asserts that to the extent plaintiff alleges a claim
that defendant failed to remedy the first EEO complaint, such claim
has not been properly exhausted.   The court agrees that no such
claim may now be brought.   Plaintiff responds, however, that he has
not alleged a claim for failure to comply with the 2003 settlement,
but, rather, brings claims of discrimination and retaliation
following the award of accommodation.   Defendant contends in his
reply that no such theory was raised in the EEO complaint and that,
therefore, plaintiff's claim of retaliation should be dismissed for
failure to exhaust.   The court declines to dispose of any
retaliation claim at this time, on this basis, as such claims are
reasonably related to the claims raised in the EEO complaint.   In
addition, the court declines to determine on the record before it
whether the delay in providing the magic wand keyboard cannot
amount to a violation.

C.   Disability Under the Rehabilitation Act

As noted above, defendant contends that plaintiff is not disabled for purposes of the Rehabilitation Act because he could perform his restricted duties.  The court denies the motion because there is sufficient evidence of plaintiff's impairment substantially limiting major life activities.


D.   Retaliation

Defendant also contends that plaintiff cannot establish a prima facie case of retaliation.  To make out a prima facie case of retaliation plaintiff must demonstrate that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between his activity and the employment decision.  Raad v. Fairbanks North Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th Cir. 2003).  If plaintiff meets that burden, the burden-shifting framework for analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-06 (1973), applies.

Defendant contends that plaintiff did not suffer an adverse employment action.  An adverse employment action is any action "reasonably likely to deter employees from engaging in protected activity." Ray v. Henderson, 217 F.3d 1234, 1243 (9th Cir. 2000) Plaintiff asserts that the delay of several months regarding his request for a magic wand and his employer's alleged angry responses

regarding his inquiries constitute retaliation for filing his first EEO complaint. Plaintiff also contends that, in response to his submitting FMLA certification, he was told that maybe he should not even be at work. Finally, plaintiff states that in response to his request to change annual leave to medical leave that he was told that for all his supervisor knows, plaintiff was sitting on the beach drinking margaritas everyday and he was not going to get sick leave for that.

Defendant notes that plaintiff suffered no discipline and that the above incidents did not deter plaintiff from continuing to seek medical leave or accommodation. Whether a reasonable employee would be deterred from engaging in activity protected by the Rehabilitation Act or the FMLA because of the alleged actions by plaintiff's employer is not a question that court can resolve on the record before it and is better reserved to a jury.

E.    Interference with FMLA Rights

Under the FMLA, employees are entitled to take up to twelve weeks of leave each year and are guaranteed reinstatement after exercising their leave rights. Bachelder v. Am. West Airlines, 259 F.3d 1112, 1119 (9th Cir. 2001). It is unlawful for an employer to interfere with, restrain, or deny an employee's exercise of FMLA rights, and an employer may not discharge an employee because the employee has opposed practices made unlawful under the FMLA. 29

U.S.C. § 2615(a)(1)-(2).  In response to an employer's inquiries,
an employee must explain the reasons justifying the requested leave
so as to allow the employer to determine whether the FMLA is
implicated.  29 C.F.R. § 825.208(a)(1). The employer may deny leave
where an employee fails to explain the reason for the leave, or
does not state a qualifying reason. 29 C.F.R. § 825.208(a)(1), (2).
The employer may also require that the employee obtain, in a timely
manner, a written certification by a health care provider regarding
the medical condition necessitating leave. 29 U.S.C. § 2613(a).  A
certification will be considered sufficient if it details several
aspects of the health condition including, in relevant part, a
statement of the medical necessity for the leave, the expected
duration of leave, and a statement that the employee is unable to
perform the functions of the employee's job. 29 U.S.C. § 2613(b).
If an employer has reason to doubt the validity of a medical
certification, the employee may be required to obtain a second
medical opinion at the employer's expense. 29 U.S.C. § 2613(c).

Plaintiff asserts that, after submitting documentation that he
had a permanent disability requiring him to miss work at times for
doctor appointments and physical therapy and requiring him to work
less than a full schedule at times, he was told he was expected to
work everyday.  Plaintiff further asserts that he was told he would
be required to go to a doctor every time he called in sick with or
without FMLA certification and that he was told that maybe he

shouldn't be here.   Plaintiff also asserts that he was told he could be subject to disciplinary action.   Plaintiff establishes that a fact finder find could find he was discouraged from taking medical leave despite the lack of discipline.   See Bachelder, 259 F.3d at 1124 (interference is established where employer engages in activity that "tends to chill" the exercise of FMLA rights). Although plaintiff continued to take sick leave and apparently took the full 12 weeks of leave, the court declines to award summary judgment at this time as an inference could be made that plaintiff still feared some disciplinary action for doing so.

Plaintiff also notes that when he took a vacation to Mexico, he ended up requiring daily treatment because of his condition. Plaintiff asserts that defendant failed to change the leave to sick leave despite documentation demonstrating the treatment. Defendant contends that the documentation provided was lacking because the only information he provided from his stay in Mexico was in Spanish.   Defendant requested additional information which plaintiff failed to adequately provide regarding his time in Mexico.  Although plaintiff submitted substantial documentation, plaintiff does not demonstrate that the documentation regarding the stay in Mexico was in a form that enabled his employer to evaluate it.  Accordingly, plaintiff may not rely on the failure to change the annual leave to sick leave to support his claim.  However, to the extent plaintiff asserts that defendant warned him that he

would be disciplined if he continued to seek a change in leave
status, such may support his claim.


F.    Retaliation under the FMLA

        Plaintiff also asserts a claim for discrimination under the
FMLA, 29 U.S.C. § 2615(a)(2).  Plaintiff relies on much the same
allegations as he does for his interference claim.  The retaliation
plaintiff asserts is in reality the failure to grant the requested
leave as sick leave and the negative comments for requesting leave.
By its plain meaning, the anti-retaliation provision of the FMLA
does not cover visiting negative consequences on an employee simply
because he has used FMLA leave. Such action is, instead, covered
under section 2615(a)(1), the provision governing Interference with
the exercise of rights.  Bachelder, 259 F.3d at 1124.  Accordingly,
this claim is dismissed.


                            CONCLUSION

        For the reasons stated above, defendant's motion to dismiss or
for summary judgment (#26) is granted in part and denied in part.
        DATED this   26th   day of August, 2008.

                                    s/ Michael R. Hogan
                               United States District Judge

14 - ORDER